HUENGER, Appellant, vs. DOOR COUNTY MUTUAL INSUR-
ANCE COMPANY, Respondent.

*November 8—December 5, 1950.*

For the appellant there was a brief by *Wolfe, O'Leary & Kenncy* and *H. O. Wolfe,* all of Milwaukee, and oral argument by *H. O. Wolfe.*

*W. E. Wagener* of Sturgeon Bay, and *Charles H. Kennedy* of Madison, for the respondent.

BROADFOOT, J.   The statutes involved are as follows:

Sec. 202.11 (2)   "When any assessment shall have been completed the secretary shall immediately insert a notice in one or more newspapers printed in the county or counties where the corporation is doing business, stating the amount of the assessment, the time such assessment was levied, and the time when the same becomes due, which said notice shall be in the following form: [Form of notice is then set forth.] Such notice, together with the proof of the publication there-

of, shall be conclusive evidence of notice of such assessment to every member. The secretary shall also notify every member by mail, using the last address on record, of the rate per cent of such assessment, and the sum due from him, the time when due, and to whom payment is to be made, which time shall not be less than thirty nor more than sixty days from the date of such notice, which said notice shall be in the following form: [Form of notice is then set forth.] If the insurance under any policy is payable to a mortgagee and the assessment thereon is not paid within the time specified in the notice to the member, the secretary shall, within thirty days after the expiration of such time, give like notice to the mortgagee. The mortgagee shall have twenty days from the date of such notice to pay the assessment, and the policy, as to his interests, shall be in full force until the expiration at that time."

Sec. 202.11 (4) "Every member who shall fail to pay his assessment within the time specified in the notice sent to him shall pay to such corporation a fine of two per cent of the amount of such assessment for each week or part thereof during which the same shall remain delinquent, and no payment shall be made by the company upon the policy of any member if at the time he shall suffer a loss he shall be in default and shall have failed to pay his assessment prior to the expiration of thirty days from the time limited in said notice."

Sec. 202.12 *"Assessments, actions to collect; directors' liability.* The assessments of town mutuals shall constitute personal liabilities of the members and payment thereof may be enforced by appropriate action. The directors who shall wilfully neglect or refuse for thirty days to perform the duties imposed upon them by this section or by section 202.11 shall be jointly and severally liable to the person sustaining loss by such nonfeasance."

These statutes are somewhat contradictory and their meaning is not entirely clear. Legislative action is needed to make them clear.

On November 15, 1946, the defendant caused to be inserted in the Door County Advocate, a newspaper printed

in Door county, a notice of the assessment. Under the first portion of sec. 202.11 (2), Stats., publication of the notice is "conclusive evidence of notice of such assessment to every member." However, in the next sentence the statute denies the conclusive effect of the publication of the notice and requires that the secretary shall also notify every member by mail. The trial court determined that both publication and mailing of the notice are required, and we agree with that determination. No attempt by the directors to collect the assessment, as sec. 202.12 seems to contemplate, was made.

Finding 6 of the trial court reads as follows:

"6. That at the time said assignment to the plaintiff was recorded in the books of the defendant company, the address of the plaintiff was given to the office secretary of the defendant company as Frances P. Huenger, 606 W. Wisconsin ave., Milwaukee 3, Wisconsin, and that thereafter no other or different address for the plaintiff was given to the defendant company."

The last clause of said finding is against the great weight and clear preponderance of the evidence. James J. Perkins, an attorney at law and the agent for the plaintiff, testified that during the summer of 1946 he called at the home of E. W. Nelson, secretary of the defendant company and told Nelson that if anything came up concerning the property or the insurance policy that Miss Huenger should be notified in his care at 606 West Wisconsin avenue, Milwaukee, Wisconsin. This was not denied. Nelson testified that he recollected a conversation with Perkins in 1946, but his recollection of the conversation was dim and he did not remember any specific instructions regarding the mailing of notices. He did state that if there had been any such instruction given he would very likely have made a note of it and brought it to the office. In view of the direct testimony by Perkins and the lack of recollection thereof by Nelson it must be held that a change of address was given to the defendant company.

"Where the insured has changed his address, notice given a bank which has authority from the insurer to collect and receive premiums and to issue receipts therefor, or a notice of the change given to an agent of the insurer upon the street, and not in his office, is binding on the insurer." 29 Am. Jur., Insurance, p. 339, sec. 398.

Finding 10 by the trial court reads as follows:

"10. That the plaintiff received the notice of assessment mailed to her by the secretary of the defendant company, dated November 12, 1946."

This finding also is against the great weight and clear preponderance of the evidence. The plaintiff testified that she had never received the notice. Further, that she had never worked or resided at that address; that her residence after 1942 was at 770 North Marshall street, Milwaukee, Wisconsin, and that for several years she had been employed by the Northwestern Mutual Life Insurance Company, which was not located at said address. Perkins testified that his office was at 606 West Wisconsin avenue in Milwaukee but that the notice of assessment addressed to Miss Huenger at that address was not received by him. 606 West Wisconsin avenue is the address of the Mariner Tower building, an office building containing approximately five hundred offices occupied by doctors, lawyers, and other professional and business men. In its memorandum decision the trial court held that the evidence rebutted the presumption of due delivery and receipt of mail that arises from proof of mailing. The trial court based finding 10 upon the fact that the letter was not returned and upon the fact that the plaintiff purchased other insurance in approximately the same amount effective one day after the plaintiff defaulted in the payment of the assessment of $11.35. In addition thereto it took judicial notice of the manner in which the post office at Milwaukee operates and stated it to be the practice of the post office at Milwaukee to consult the city directory in an effort to

reach the addressee when mail is misdirected. There is nothing in the record to indicate such a practice, or that the correct address of the plaintiff appeared in any Milwaukee city directory. The manner in which the post office in Milwaukee operates, with respect to misdirected mail, is not so well established, nor is it a matter of such common and general knowledge, that the court could take judicial notice thereof.

The elimination of findings 6 and 10 necessarily results in a reversal of the judgment appealed from.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter judgment in favor of the plaintiff and against the defendant for the sum of $3,600 and costs.